IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE TRAINING FUND,<br><br>              Plaintiffs,<br><br>v.<br><br>McGREAL CONSTRUCTION, INC., and WEST BUILDERS, INC.,<br><br>              Defendants. | Case No. |

## COMPLAINT

Now come Plaintiffs, the Chicago Regional Council of Carpenters Pension Fund, et al., by their attorney, David Whitfield of Whitfield McGann & Ketterman, complaining of the Defendants, McGreal Construction, Inc., and West Builders, Inc. and allege as follows:

    1.    This action arises under Section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

    2.    The Chicago Regional Council of Carpenters Pension Fund, the Chicago Regional Council of Carpenters Welfare Fund and the Chicago Regional Council of Carpenters Apprentice Training Fund ("Trust Funds") receive contributions from numerous employers pursuant to collective bargaining agreements between employers

and the Chicago Regional Council of Carpenters, ("Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie, Chicago, Illinois and venue is proper in the Northern District of Illinois.

3. McGreal Construction, Inc. is an employer engaged in an industry affecting commerce that entered into a collective bargaining agreement whose terms require McGreal Construction, Inc. to pay fringe benefits to the Trust Funds.

4. The collective bargaining agreement also binds McGreal Construction, Inc. to the provisions of the Agreement and Declarations of Trust that created the Trust Funds ("trust agreements").

5. McGreal Construction, Inc. is required to make contributions to the Trust Funds for each hour worked by its carpenter employees at the rate and in the manner specified in the collective bargaining agreement and trust agreements. In addition, McGreal Construction, Inc. is required to make contributions to the Trust Funds measured by the hours worked by subcontractors that are not signatory to a collective bargaining agreement with the Union.

6. Pursuant to the provisions of the trust agreements and the collective bargaining agreement, McGreal Construction, Inc. is required to provide access to the records necessary for the Trust Funds to determine whether there has been compliance with the obligation to contribute to the Trust Funds.

7. West Builders, Inc. is an employer engaged in an industry affecting commerce.

8. That West Builders, Inc. is related to McGreal Construction, Inc. in the following ways: (a) their business transactions and operations are and have been interrelated and intermingled; and/or (b) they share common employees and/or (c) the

management and affairs of each Defendant company are for all business purposes controlled and operated by the same individuals and/or (d) they share a common business location and/or (e) the same individuals own and control the Defendant companies; and/or (f) West Builders, Inc. is merely the disguised continuance and a single employer with McGreal Construction, Inc.

9. That as a consequence of the intermingling of business transactions, the domination of the Defendant companies by the same or related officers and/or directors, the interrelation of operations, the common management and the common control, and the common employees, West Builders, Inc. have no separate identity from McGreal Construction, Inc. and is merely the alter ego and single employer with McGreal Construction, Inc.; and therefore, the Plaintiffs are entitled to compliance with the provisions of the Collective Bargaining Agreements and Trust Agreements from West Builders, Inc.

10. Pursuant to the provisions of the trust agreements and the collective bargaining agreement, West Builders, Inc., as merely an alter ego and single employer with McGreal Construction, Inc. is required to provide access to the records necessary for the Trust Funds to determine whether there has been compliance with the obligation to contribute to the Trust Funds.

11. West Builders, Inc., and McGreal Construction, Inc. breached the provisions of the collective bargaining agreement by failing to allow Plaintiffs to complete an audit of West Builders, Inc.'s books and records for the period January 2010 through June 2011, after repeated demands for specific records were made upon McGreal Construction, Inc.

12. Plaintiffs have been complied with all conditions precedent in bringing this suit, including providing several written demand for the documents necessary for the auditors.

13. Plaintiffs have been required to employ the undersigned attorneys to compel the audit of West Builders, Inc.'s books and records.

14. The Defendant companies are obligated to pay the attorney and auditor fees and court costs incurred by the Plaintiffs pursuant to the collective bargaining agreement, the trust agreements and/or 29 U.S.C. §1132(g)(2)(D).

15. According to the collective bargaining agreement, the trust agreements and/or 29 U.S.C. §1132(g), the Defendant companies are obligated to pay any fringe benefit contributions shown to be due upon completion of the audit, as well as liquidated damages and interest.

16. Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to an amount equal to the greater of:

    (a) double interest; or

    (b) interest plus liquidated damages.

WHEREFORE, Plaintiffs pray:
- A. That the Defendant McGreal Construction, Inc., and West Builders, Inc. be required to provide access to West Builders, Inc.'s records within ten (10) days for the period of January 2010 through June 2011, so that the audit can be completed.
- B. That Defendant companies be ordered to pay all contributions shown to be due upon completion of the audit.
- C. That Defendant companies be ordered to pay the attorney and auditor fees and costs incurred by the Plaintiffs.
- D. That Defendant companies be ordered to pay liquidated damages and interest.

E. That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at McGreal Construction, Inc., and West Builders, Inc. cost.

                              Respectfully Submitted,

                              CHICAGO REGIONAL COUNCIL PENSION FUND et al.

                                      s/David Whitfield
                            By: _____
                                    David Whitfield

David Whitfield
Attorney for Plaintiffs
Whitfield McGann & Ketterman
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
March 7, 2012