**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE TRAINING FUND, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 12 cv 1795 Judge Schenkier |
| v. | ) ) | |
| McGREAL CONSTRUCTION, INC., and WEST BUILDERS, INC., | ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS COMPLAINT**

PLAINTIFFS, the Chicago Regional Council of Carpenters Pension Fund, *et al.* ("Trust Funds"), by and through their attorney David Whitfield of Whitfield, McGann & Ketterman, respond to Defendants' Motion to Dismiss Complaint, and in support thereof, state as follows:

**BACKGROUND**

On March 12, 2012, the Trust Funds filed suit against McGreal Construction, Inc. (McGreal) and West Builders, Inc. (West) under Section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act, alleging that West is an alter-ego or single employer with McGreal. The Trust Funds filed a first amended complaint on July 7, 2012, adding additional facts in support of its claim. Plaintiff amended the complaint not to concede the Trust Funds' failure, as West suggests in its motion to dismiss, but to more succinctly state the cause of action and

expedite motion practice out of respect for this Court's time and resources. (*See* West Mot. to Dis. at p. 1).

Plaintiffs' Complaint alleges that West is a disguised continuance of McGreal, (Compl. at ¶ 8). The Complaint further alleges that the McGreal and West have the same or related officers, interrelation of operations, common management and common control, have no separate identity, and that West is merely a single employer with McGreal. (Compl. at ¶ 9). The Complaint contains an allegation that West is the alter ego of McGreal. (Compl. at ¶ 9). The Complaint also contains the allegation that West is bound to the applicable collective bargaining agreement under a single employer theory. (Compl. at ¶ 9).

West filed a 12(b)(6) motion to dismiss Plaintiffs' first amended complaint on September 4, 2012, to which Plaintiff now responds.

## **STANDARD OF CONSIDERATION**

In ruling on a Rule 12(b)(6) motion, the Court accepts as true all well pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Thompson v. Ill. Dep't of Prof'l Regulations*, 300 F.3d 750, 753 (7th Cir. 2002). The court will dismiss the complaint only when it appears the plaintiff has not satisfied the notice-pleading standard. The Seventh Circuit has stated that: "[t]o satisfy the notice-pleading standard, a complaint must provide a 'short and plain statement of the claim showing that the pleader is entitled to relief, which is sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Bridges v. Gilbert*, 557 F.3d 541 (7th Cir. 2009) (*Erickson v. Pardus*, 127 S. Ct. 2197, 220 (2007) (per curiam) (citing *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007); Fed. R. Civ. P. 8(a)(2)). In applying this standard, a plaintiff must allege "enough facts to state a claim for relief that is plausible

2

on its face." *Twombly*, 550 U.S. at 570. Determining plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

## ARGUMENT

Defendant West has moved to dismiss this Complaint on the basis that Plaintiff has not pled sufficient facts to uphold either an alter-ego or single employer theory of liability. Defendant West cites to multiple cases in support of the allegation that the Trust Funds have only stated conclusory evidence that is "entitled to no weight in [the Court's] analysis." Contrary to West's conclusions, the Trust Funds have satisfied the *Twombly* notice-pleading standard. West's motion to dismiss Plaintiffs' complaint must fail because: (1) the Trust Funds' complaint sufficiently alleges well pleaded facts to support alter-ego and single employer theories of liability; and (2) Plaintiffs are not required to plead every alter-ego factor in order to survive a motion to dismiss.

### I.  Trust Funds' Complaint Alleges Sufficient Well Pleaded Facts

Plaintiffs' complaint pleads facts that are more than sufficient to survive West's motion to dismiss. The Seventh Circuit has stated that the amount of factual allegations required to state a plausible claim for relief depends on complexity of the legal theory. *Limestone Dev. Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008). In a case highly analogous to the present case, Judge St. Eve cited *Limestone* to conclude that alleging disguised continuance, alter ego, and single employer and nothing else was sufficient to satisfy the federal notice pleading standards. *Chicago Regional Council of Carpenters Pension Fund, et al. v. G & L Construction, Inc., et al.*, 08 cv 7191 (N. D. Ill. 2009). In the instant case, the Trust Funds have sufficiently alleged: that West is a "disguised continuance" of McGreal (Compl. at ¶ 8); that West is an alter-ego of

3

McGreal (Compl. at ¶ 9); and that West is a single employer with McGreal (Compl. at ¶ 9).

In *Trustees of the Chicago Regional Council of Carpenters Pension Fund, et al. v. Central Rug and Carpet Company, Inc., et al.*, the court denied a 12(b)(6) motion to dismiss based on the same allegations as those stated in *G&L Construction*. In *Central Rug* the defendant contended that the complaint contained only conclusory statements as to the relationship between the companies. The *Central Rug* complaint only stated that one company was a disguised continuance of the other, that they were alter-ego employers, and that the two companies were a single employer. The Honorable Judge Dow stated that "[w]hile the relevant allegations in the complaint are somewhat lean, they are sufficient to meet the federal notice pleading standards, particularly in a relatively straightforward case like this one." *Trustees v. Central Rug*, 10 cv 1493 (N.D. Ill. 2012) (citing *Limestone*, 520 F. 3d at 803).

Similarly, in *Trustees of the Chicago Regional Council of Carpenters Pension Fund, et al. v. Installation 2000*, Judge Norgle denied without comment the defendant's 12(b)(6) motion to dismiss. 10-cv-6288 (N.D. Ill 2011). The complaint in *Installation 2000*, a copy of which is attached, is substantially similar to the Complaint in this case with the exception that the complaint in *Installation 2000* actually contains less factual allegation than this Complaint, and the complaint in *Installation 2000* is broken out into two Counts. In *Installation 2000,* the defendant subsequently filed a Motion to Reconsider. Judge Norgle denied the motion, pointing out that the *Iqbal* decision "requires the reviewing court to draw on its judicial experience and common sense" in determining whether a complaint sufficiently states a claim, and that the *Installation 2000* complaint plainly stated a claim for relief.

Further, in *Chicago District Council of Carpenters Pension Fund, et al. v. Tinley Construction Corp., et al.*, the court denied a 12(b)(6) motion to dismiss without opinion. However, like *G&L Construction* and *Central Rug* fewer facts were pled than in the instant case, and Judge Pallmeyer found that the allegations of disguised continuance, alter ego, and single employer were sufficiently pled to overcome a motion to dismiss.

In two additional cases, courts have ruled indirectly on the sufficiency of this Complaint. In both of those cases - *Carpenters v. Three Way Hanging, Inc.,* 06 –cv-3738 (N.D. Ill. 2009) and *Carpenters v. Salvador Ortega*, 1991 U.S. Dist. LEXIS 12124 (August 30, 1991) - the defendants argued that they did not have to produce the books and records of the alleged alter ego until Plaintiffs had obtained enough facts through discovery to "demonstrate" that the alleged alter ego was in fact an alter ego. In both cases each court implicitly held that the Complaint was sufficient, so that the defendants were required to comply with the Plaintiffs' discovery requests against the alleged alter ego.

In this case, where the signatory was incorporated prior to West, the Plaintiffs' assert that "Christine McGreal is an officer of both Defendant companies," that the two companies share common employees – Steven Wagner, Tim Wilson, Zack Nichol, David McGreal, and Robert Rauscher, that the two companies share common business locations at Bristol Bay, Villa at the Oaks and West Point Gardens, and several other facts that support the present cause of action. (See Compl. at ¶ 8). These statements are not simply assertions for which no supporting evidence is offered. Rather, these are well pled facts in support of the allegation that West is an alter ego or single employer with McGreal. (*See* Compl. at ¶ 8(c)).

5

West argues that the Trust Funds ignored the standards set forth in *IBEW Local 701 v. Favia Electric*, where the Seventh Circuit stated the factors to determine whether two companies are a single employer. 995 F.2d 785, 788 (7th Cir. 1993); (West Mot. to Dis. at p. 7). However, West fails to explain how these supposed omissions fail to raise the Trust Funds' right to relief above a speculative level. *Favia Electric* dealt with the determination of alter-ego and single employer liability on the merits, not whether the plaintiff sufficiently pled facts to overcome a motion to dismiss.

## II. Plaintiffs Do Not Have to Plead Every Factor of an Alter Ego

West correctly cites *Favia Electric* as putting forth the Seventh Circuit's standard on finding alter-ego and single employer liability. However, West incorrectly argues that Plaintiff must plead all of the *Favia Electric* factors to overcome a motion to dismiss. Defendant has confused the permissive with the mandatory. Because factors on this list permit a finding of alter ego does not mean that it is mandatory for *all* the factors to be present for a finding of alter ego. The Seventh Circuit has stated: "[m]eeting all of the elements of the single employer doctrine is not essential to a finding that the alter ego doctrine applies. *Favia Elec. Co.*, 995 F.2d at 789. An alter ego relationship has been found to exist "even though no evidence of actual common ownership was present." *Id.* (*quoting Central States Pension Fund v. Sloan*, 902 F.2d 593, 597 (7th Cir. 1986)). "What is essential for the application of the alter ego doctrine, though, is a finding of 'the existence of a disguised continuance of the former business entity or an attempt to avoid the obligations of a collective bargaining agreement.'" *IBEW Local Union 159 v. Circuit Elec., L.L.C.*, 2006 U.S. Dist. LEXIS 37944, 4-5 (W.D. Wis. June 6, 2006) (*quoting*

6

*Trustees of Pension, Welfare and Vacation Fringe Ben. Funds of IBEW Local 701 v. Favia Elec. Co., Inc.*, 995 F.2d 785, 789 (7th Cir.1993)).

The Trust Funds have given Defendant fair notice of what the claim is and the grounds upon which it rests. Plaintiffs need not list every factor that may evidence a finding of alter ego, successor employer, or single or joint employer in order to state a claim.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this Honorable Court deny Defendant's Motion to Dismiss.

>
> Respectfully Submitted,
>
> /s/ David Whitfield
> Attorney for Plaintiffs

David Whitfield
WHITFIELD, McGANN & KETTERMAN
111 E. Wacker Drive, Suite 2600
Chicago, IL 60601
(312) 251-9700 Fax (312) 251-9701