UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO REGIONAL COUNCIL OF )
CARPENTERS PENSION FUND, CHICAGO )
REGIONAL COUNCIL OF CARPENTERS )
WELFARE FUND, THE CHICAGO REGIONAL )
COUNCIL OF CARPENTERS APPRENTICE )
TRAINING FUND, )
                     )
         Plaintiffs, )    No. 12 C 1795
                     )
         v. )    Magistrate Judge Schenkier
                     )
McGREAL CONSTRUCTION, INC. and )
WEST BUILDERS, INC., )
                     )
         Defendants. )
                     )

## MEMORANDUM OPINION AND ORDER[1]

Plaintiffs Chicago Regional Council of Carpenters Pension Fund, Chicago Regional Council

of Carpenters Welfare Fund, and the Chicago Regional Council of Carpenters Apprentice Training

Fund (collectively "the Funds") have filed an amended complaint against McGreal Construction, Inc.

("McGreal") and West Builders, Inc. ("West") for violations of the Employee Retirement Income

Security Act of 1974, 29 U.S.C. § 1132 *et. seq.* ("ERISA"), and the Labor Management Relations

Act of 1947, 29 U.S.C. § 185 ("LMRA") (doc. # 27: First Am. Compl.). Specifically, the Funds

allege that McGreal and West violated Section 502 of ERISA and Section 301 of the LMRA by

failing to allow plaintiffs to complete an audit of West's books and records for the period of January

2010 through June 2011 (doc. # 21: First Am. Compl. at ¶ 11). Plaintiffs seek access to West's

records for the period of January 2010 through June 2011, delinquent contributions shown due upon

[1]On June 27, 2012, by consent of all parties and pursuant to Local Rule 73.1 (b), the Executive Committee reassigned this case to this Court for all proceedings, including entry of final judgment (doc. # 20).

the completion of the audit on West, as well as interest, damages, litigation costs, and other legal and equitable relief the Court deems appropriate (*Id.* at ¶¶ 15-16).

Defendants have moved to dismiss with prejudice plaintiffs' First Amended Complaint (the "Complaint") for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (doc. # 29: West Mot. to Dismiss at 1, doc. # 32: McGreal Mot. to Dismiss at 1).[2] For the reasons set forth below, we grant in part and deny in part defendants' motions to dismiss.

## I.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (citing *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989)). Rule 12(b)(6) requires dismissal if the allegations in the complaint, taken as true and with all reasonable inferences drawn in favor of the party making the claim, do not state a claim for which legal relief can be granted. Fed. R. Civ. P. 12(b)(6). First, a complaint must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to give the defendant "'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on other grounds)). Second, the factual allegations in the complaint must be sufficient to make the asserted claim "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*,

---

[2]McGreal did not file its own memorandum in support of its motion to dismiss, but instead adopted West's motion to dismiss plaintiff's first amended complaint and supporting memoranda (doc. # 32).

550 U.S. at 556); *see also In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 629 (7th Cir. 2010) (noting that "the complaint must establish a nonnegligible probability that the claim is valid; but the probability need not be as great as such terms as 'preponderance of the evidence' connotes"). Although the material facts alleged must be taken as true and construed favorably toward the plaintiff, this rule does not apply to legal conclusions, supported only by conclusory statements. *Id.*

## II.

The following facts alleged in the Complaint are those that we consider material to defendants' motion to dismiss and that we take as true for purposes of the present motion. *See, e.g.*, *Twombly*, 550 U.S. at 589 ("at the motion to dismiss stage, a judge assumes that all the allegations in the complaint are true (even if doubtful in fact)") (internal quotations omitted). The Funds are multiemployer benefit plans as defined by ERISA, established and maintained according to their respective Agreements and Declarations of Trust (First Am. Compl. at ¶ 2). Plaintiffs assert that McGreal and West are employers engaged in an industry affecting commerce (*Id.* at ¶ 3, 7).

McGreal and the Chicago Regional Council of Carpenters (the "Union"), a labor organization under the LMRA, are parties to a collective bargaining agreement ("CBA") (*Id.* at ¶ 3). Under the respective Agreements and Declarations of Trust and the CBA, McGreal must make contributions on behalf of its employees to the Funds (*Id.* at ¶ 5). Specifically, McGreal is required to make payments to the Funds for each hour worked by its carpenter employees and for the hours worked by subcontractors that are not signatories to the CBA (*Id.*). In addition, McGreal is required to provide access to the records necessary for the Funds to determine whether McGreal has complied with its contribution obligations (*Id.* at ¶ 6).

Plaintiffs allege that West is "merely the disguised continuance and a single employer with McGreal" (*Id.* at ¶ 8). In support of this contention, plaintiffs allege that the two companies are related in several ways (*Id.*). Plaintiffs contend that McGreal and West's business transactions and operations serve similar purposes and that the two companies share Centex Homes and Pulte Homes as similar customers (*Id.*). The companies also have five common employees and either share or have shared at least four business locations (*Id.*). In addition, plaintiffs allege that David McGreal is the registered agent of McGreal, Christine McGreal was the registered agent of West, and that both individuals own and control McGreal and West (*Id.*). Finally, plaintiffs contend that Christine McGreal is currently an officer of both companies (*Id.*). Plaintiffs assert that either as a single employer or under an alter ego theory, West is required to comply with the provisions of McGreal's CBA and Trust Agreements with the Union, including providing access to its records (*Id.* at ¶ 9). According to the Complaint, defendants have failed to allow plaintiffs to complete an audit on West for the period of January 2010 through June 2011, despite repeated requests (*Id.* at ¶ 11). Accordingly, plaintiffs argue that both West and McGreal are in breach of the CBA between McGreal and the Union (*Id.*).

## III.

As West is not a signatory to the CBA, the Funds' theory of liability necessarily depends on them sufficiently alleging (and ultimately proving) that West is bound to the CBA. The Funds assert that West is bound to the CBA under a single employer theory, or as an alter ego of McGreal (*Id.* at ¶¶ 8, 9). Defendants contend that the Complaint alleges insufficient facts to support a single employer or alter ego determination against West (doc. # 30: Mem. at 2-3). More specifically, defendants argue that (1) the Complaint contains only conclusory statements as to West's

relationship with McGreal, lacking any factual basis for the alleged single employer relationship (*Id.* at 3-6); and (2) that the Complaint does not plausibly suggest any alleged unlawful misconduct (*Id.* at 6-14).

The single employer doctrine holds "'that when two entities are sufficiently integrated, they will be treated as a single entity for certain purposes.'" *Cent. Illinois Carpenters Health & Welfare Trust Fund v. Olsen*, 467 F. App'x 513, 517 (7th Cir. 2012) (quoting *Moriarty v. Svec*, 164 F.3d 323, 332 (7th Cir. 1998)). In determining whether two companies constitute a single entity, courts must weigh the totality of the circumstances. *Esmark, Inc. v. N.L.R.B.*, 887 F.2d 739, 753 (7th Cir. 1989). While no single factor is conclusive, *id.*, courts must examine the following criteria: "(1) the interrelation of operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership," *Olsen*, 467 F. App'x at 517 (citing *S. Prairie Constr. Co. v. International Union Operating Engineers*, 425 U.S. 800, 802 n.3 (1976)). In general, for alter ego analysis courts consider the same factors, but in addition, a plaintiff must show "'the existence of a disguised continuance of a former business entity or an attempt to avoid the obligations of a collective bargaining agreement . . . .'" *Trustees of Pension Funds of Local 701 v. Favia Elec. Co.*, 995 F.2d 785, 788-89 (7th Cir. 1993) (quoting *International Union Operating Engineers v. Centor Contractors*, 831 F.2d 1309, 1312 (7th Cir. 1987)). "'[U]nlawful motive or intent are critical inquiries in an alter ego analysis . . . .'" *Id.* at 789. However, as with the single employer doctrine, meeting all of the factors is not required to establish alter ego. *Id.*

## A.

Under the federal pleading standards, plaintiffs have met their burden for stating a single employer claim. As required by Rule 8(a), plaintiffs' Complaint gives defendants fair notice of the

claim against it and the grounds upon which it rests. The Funds allege sufficient facts that, when taken as true, state a single employer claim that is plausible on its face. *Twombly*, 550 U.S. at 570 (plaintiff must allege "enough facts to state a claim to relief that is plausible on its face"); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which its rests."). The Funds contend that the common business transactions, officers, management, control, and employees, when taken together, sufficiently allege a plausible claim that West does not have a separate identity from McGreal (*Id.* at ¶ 9).

As noted above, in determining whether two companies constitute a single entity courts examine the interrelatedness of the companies' operations, whether the companies share common management, have centralized control of their labor relations, and if there is common ownership between the companies. *Olsen*, 467 F. App'x at 517. A single employer finding does not require every factor to be met. *Esmark*, 887 F.2d at 753. Instead, a court must consider the totality of the circumstances. *Id.; see also R.R. Maint. & Indus. Health & Welfare Fund v. Hacker*, No. 10-3305, 2011 WL 5008311, at *7 (C.D. Ill. Oct. 20, 2011) (denying defendant's motion to dismiss where plaintiffs did not allege that the defendant companies shared common management, but did allege that the companies were in the same fields, shared a significant number of employees, and shared equipment). Here, the Funds allege that West and McGreal share common business operations and purposes with at least two of the same clients, have five of the same employees with Christine McGreal as an officer of both companies, that the companies operate out of the same business locations, and that Christine and David McGreal own and control both companies (First Am. Compl.

at ¶ 8).  Thus, the plaintiffs have alleged three of the four single employer factors: interrelation of operations, common management, and common ownership between McGreal and West.

These allegations plainly give notice to defendants of the basis for the claim, and meet the plausibility test.  In *Trustees of Chicago Regional, Council of Carpenters Pension Fund v. Central Rug & Carpet Co.*, the court found that the plaintiffs had met the federal pleading standards where they alleged only that they had conducted an audit of the defendant's books and discovered a possibly related company.  10-CV-1493, 2012 WL 426887, at *2 (N.D. Ill. Feb. 10, 2012); *see also Chicago Regional Council of Carpenters Pension Fund v. FAC Construction & Design, Inc.*, No. 11-cv-04303, 2011 WL 6369792, at *2-3 (N.D. Ill. Dec. 15, 2011) (same).  Here, plaintiffs allege considerably more than the lean allegations found sufficient in *Central Rug & Carpet* and *FAC Construction & Design*.  Taking into consideration the totality of the circumstances and the relatively straightforward nature of this case, the plaintiffs have pled enough factual information to meet the federal pleading standards for their single employer claim.  *See, e.g., McCauley v. City of Chicago*, 671 F.3d 611, 616-17 (7th Cir. 2011) (explaining that "[t]he required level of factual specificity rises with the complexity of the claim").

Defendants complain that the Funds have not fleshed out the details of their allegations: for example, the Funds allege that Ms. McGreal holds offices with both defendants without alleging details about the responsibilities of the offices (doc. # 30: Def.'s Mem. at 10).  While it is true that the *Twombly* and *Iqbal* decisions have introduced a requirement of "plausibility," a fact-pleading regime as the type envisioned by West has not replaced "the notice pleading concept embodied in federal practice." *Cent. States, Se. & Sw. Areas Pension Fund v. King Auto Fin., Inc.*, 12 CV 617, 2012 WL 4364310, at *3 (N.D. Ill. Sept. 19, 2012); *see also Bissessur v. Indiana Univ. Bd. of*

*Trustees*, 581 F.3d 599, 603 (7th Cir. 2009) (noting that "[o]ur system operates on a notice pleading standard; *Twombly* and its progeny do not change this fact"). For example, the Federal Rules of Civil Procedure still provide standardized complaint forms that allow plaintiffs to fill in a handful of blank spaces, and thereby fulfill their burden for stating a claim under the federal rules. *See, e.g.*, Fed. R. Civ. P. Form 11. Taking all of the factual allegations in the Complaint to be true and drawing on the Court's "judicial experience and common sense," *Iqbal*, 556 U.S. at 679, the Funds have alleged a claim against McGreal and West that is plausible on its face. Accordingly, the Court denies defendants' motions to dismiss pursuant to Rule 12(b)(6) as they pertain to plaintiffs' single employer claim.

**B.**

We reach a different conclusion with respect to plaintiffs' alter ego claim. As previously discussed, alter ego analysis requires courts to consider the four single employer factors, plus "unlawful motive or intent" to avoid obligations under a CBA. *Favia*, 995 F.2d at 788-89. While plaintiffs have pled enough to state a single employer claim that is plausible on its face, plaintiffs have not alleged any additional facts to show that – in addition – an alter ego theory is plausible. Instead, plaintiffs merely assert in the most conclusory way that West is "merely the disguised continuance" of McGreal (First. Am. Compl. at ¶ 8(h)). Without any factual allegations regarding defendants' unlawful motive or intent, this allegation is not sufficient to meet the plausibility test. *See, e.g., Twombly*, 550 U.S. at 555 (noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions"); *see also Iqbal*, 556 U.S. at 664 ("While legal conclusions can provide the complaint's framework, they must be supported by

factual allegation."). Consequently, the Court grants defendants' motions to dismiss insofar as plaintiffs' seek to allege an alter ego claim.

## CONCLUSION

For the reasons set forth above, defendants' motions to dismiss (doc. ## 29, 32) are granted in part and denied in part. We grant the motions to the extent that the Complaint seeks to allege an alter ego theory, but deny the motions as to plaintiffs' single employer theory claim.

ENTER:

SIDNEY I. SCHENKIER
United States Magistrate Judge

DATE: November 26, 2012