**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHICAGO REGIONAL COUNCIL OF | ) | |
| CARPENTERS PENSION FUND, CHICAGO | ) | |
| REGIONAL COUNCIL OF CARPENTERS | ) | |
| WELFARE FUND, the CHICAGO REGIONAL | ) | |
| COUNCIL OF CARPENTERS APPRENTICE | ) | |
| TRAINING FUND | ) | Case No.:  1:12-CV-01795 |
| | ) | Judge Sharon Johnson Coleman |
| Plaintiffs, | ) | Magistrate Judge Sidney I. Schenkier |
| | ) | |
| vs. | ) | |
| | ) | |
| McGREAL CONSTRUCTION, INC., and | ) | |
| WEST BUILDERS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT WEST BUILDERS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

NOW COMES Defendant West Builders, Inc. ("West"), by and through its attorneys,

Ronald J. Passarelli, Renée L. Koehler, and Steven W. Jados of Koehler & Passarelli, LLC, and

as its Answer and Affirmative Defenses to Plaintiffs' Complaint, denies each and every averment

of said Complaint except as is hereinafter expressly admitted and/or qualified.

1.      This action arises under Section 502 of the Employee Retirement Income Security
Act and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is
founded on the existence of questions arising thereunder.

**ANSWER:**      West admits that Plaintiffs purport to bring this action pursuant to 29 U.S.C. §§

185 and 1132, but expressly denies that any violation of any law has occurred.

2.      The Chicago Regional Council of Carpenters Pension Fund, the Chicago Regional
Council of Carpenters Welfare Fund and the Chicago Regional Council of Carpenters Apprentice
Training Fund ("Trust Funds") receive contributions from numerous employers pursuant to
collective bargaining agreements between employers and the Chicago Regional Council of
Carpenters, ("Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002).  The Trust

Funds are administered at 12 East Erie, Chicago, Illinois and venue is proper in the Northern District of Illinois.

**ANSWER:** Paragraph 2 of Plaintiffs' Complaint contains legal conclusions for which no response is required. To the extent any response is required, West lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 2 of Plaintiffs' Complaint.

3.      McGreal Construction, Inc. is an employer engaged in an industry affecting commerce that entered into a collective bargaining agreement whose terms require McGreal Construction, Inc. to pay fringe benefits to the Trust Funds.

**ANSWER:** Paragraph 3 of Plaintiffs' Complaint contains legal conclusions for which no response is required. To the extent any response is required, West lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 3 of Plaintiffs' Complaint.

4.      The collective bargaining agreement also binds McGreal Construction, Inc. to the provisions of the Agreement and Declarations of Trust that created the Trust Funds ("trust agreements").

**ANSWER:** Paragraph 4 of Plaintiffs' Complaint contains legal conclusions for which no response is required. To the extent any response is required, West lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 4 of Plaintiffs' Complaint.

5.      McGreal Construction, Inc. is required to make contributions to the Trust Funds for each hour worked by its carpenter employees at the rate and in the manner specified in the collective bargaining agreement and trust agreements. In addition, McGreal Construction, Inc. is required to make contributions to the Trust Funds measured by the hours worked by subcontractors that are not signatory to a collective bargaining agreement with the Union.

**ANSWER:** Paragraph 5 of Plaintiffs' Complaint contains legal conclusions for which no response is required. To the extent any response is required, West lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 5 of Plaintiffs' Complaint.

6. Pursuant to the provisions of the trust agreements and the collective bargaining agreement, McGreal Construction, Inc. is required to provide access to the records necessary for the Trust Funds to determine whether there has been compliance with the obligation to contribute to the Trust Funds.

**ANSWER:** Paragraph 6 of Plaintiffs' Complaint contains legal conclusions for which no response is required. To the extent any response is required, West lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 6 of Plaintiffs' Complaint.

7. West Builders, Inc. is an employer engaged in an industry affecting commerce.

**ANSWER:** West admits the allegations in ¶ 7 of Plaintiffs' Complaint.

8. That West Builders, Inc. is related to McGreal Construction, Inc. in the following ways: (a) their business transactions and operations serve a similar purposes with Centex Homes and Pulte Homes as similar customers; and (b) they share common employees (Steven Wagner, Tim Wilson, Zack Nichol, David McGreal, and Robert Rauscher) and (c) Christine McGreal is an officer of both Defendant companies and (d) Defendant companies share or shared common business locations of 11420 Kreutzer Rd, Huntley, IL and (e) Defendant companies share or shared common business locations of Bristol Bay, Villa at the Oaks, and West Point Gardens and (f) David McGreal is the registered agent of McGreal Construction Co., and Christine McGreal was the initial registered agent of West Builders, Inc. and (g) Christine and David McGreal own and control the Defendant companies; and (h) West Builders, Inc. is merely the disguised continuance and a single employer with McGreal Construction, Inc.

**ANSWER:** West denies the allegations contained in ¶ 8 of Plaintiffs' Complaint.

9. That as a consequence of the intermingling of business transactions, the domination of the Defendant companies by the same or related officers the interrelation of operations, the common management and the common control, and the common employees,

3

West Builders, Inc. have no separate identity from McGreal Construction, Inc. and is merely the alter ego or single employer with McGreal Construction, Inc.; and therefore, the Plaintiffs are entitled to compliance with the provisions of the Collective Bargaining Agreements and Trust Agreements from West Builders, Inc.

**ANSWER:**   Paragraph 9 of Plaintiffs' Complaint contains legal conclusions for which no

response is required.  Paragraph 9 also relates to matters already dismissed by the Court.  To the

extent any response is required, West denies the allegations in ¶ 9 of Plaintiffs' Complaint.

10.     Pursuant to the provisions of the trust agreements and the collective bargaining agreement, West Builders, Inc., as merely an alter ego or single employer with McGreal Construction, Inc. is required to provide access to the records necessary for the Trust Funds to determine whether there has been compliance with the obligation to contribute to the Trust Funds.

**ANSWER:**   Paragraph 10 of Plaintiffs' Complaint contains legal conclusions for which no

response is required.  Paragraph 10 also relates to matters already dismissed by the Court.  To the

extent any response is required, West denies the allegations in ¶ 10 of Plaintiffs' Complaint.

11.     West Builders, Inc., and McGreal Construction, Inc. breached the provisions of the collective bargaining agreement by failing to allow Plaintiffs to complete an audit of West Builders, Inc.'s books and records for the period January 2010 through June 2011, after repeated demands for specific records were made upon McGreal Construction, Inc.

**ANSWER:**   Paragraph 11 of Plaintiffs' Complaint contains legal conclusions for which no

response is required.  To the extent any response is required, West denies the allegations in ¶ 11

of Plaintiffs' Complaint.

12.     Plaintiffs have been complied with all conditions precedent in bringing this suit, including providing several written demand for the documents necessary for the auditors.

**ANSWER:**   West denies the allegations contained in ¶ 12 of Plaintiffs' Complaint.

13.     Plaintiffs have been required to employ the undersigned attorneys to compel the audit of West Builders, Inc.'s books and records.

**ANSWER:**     West denies the allegations contained in ¶ 13 of Plaintiffs' Complaint.


14.     The Defendant companies are obligated to pay the attorney and auditor fees and court costs incurred by the Plaintiffs pursuant to the collective bargaining agreement, the trust agreements and/or 29 U.S.C. §1132(g)(2)(D).

**ANSWER:**     West denies the allegations contained in ¶ 14 of Plaintiffs' Complaint.


15.     According to the collective bargaining agreement, the trust agreements and/or 29 U.S.C. §1132(g), the Defendant companies are obligated to pay any fringe benefit contributions shown to be due upon completion of the audit, as well as liquidated damages and interest.

**ANSWER:**     West denies the allegations contained in ¶ 15 of Plaintiffs' Complaint.


16.     Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to an amount equal to the greater of:

   a)  double interest; or
   b)  interest plus liquidated damages.

**ANSWER:**     West denies the allegations contained in ¶ 16 of Plaintiffs' Complaint.


## AFFIRMATIVE DEFENSES

**NOW COMES** Defendant West Builders, Inc., and as for its Defenses to Plaintiffs' Complaint, incorporates its answers to the foregoing averments of said Complaint as if such answers were set forth in full herein, and asserts further:

**FIRST AFFIRMATIVE DEFENSE:**     As and for its First Affirmative Defense, West asserts that Plaintiffs cannot recover under ERISA, the LMRA, or any other basis because there are no amounts delinquent or due and owing to the Plaintiffs in this matter as there is no contractual or legal basis for any of the alleged claims against West. As such, no actual controversy exists, and Plaintiffs have no standing to pursue this action.

**SECOND AFFIRMATIVE DEFENSE:**   As and for its Second Affirmative Defense, West asserts that Plaintiffs have failed to state a claim for which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE:**   As and for its Third Affirmative Defense, West asserts that it is entitled to its attorneys' fees and costs pursuant to 29 U.S.C. §1132(g)(1).

**FOURTH AFFIRMATIVE DEFENSE:**   As and for its Fourth Affirmative Defense, West asserts that Plaintiffs' claims fail for lack of consideration.

**FIFTH AFFIRMATIVE DEFENSE:**   As and for its Fifth Affirmative Defense, West asserts that Plaintiffs have failed to meet conditions precedent to filing the instant lawsuit.

**SIXTH AFFIRMATIVE DEFENSE:**   As and for its Sixth Affirmative Defense, West asserts that Plaintiffs' request for liquidated damages and other relief is arbitrary and capricious, and must be barred as such.

**SEVENTH AFFIRMATIVE DEFENSE:**  As and for its Seventh Affirmative Defense, West asserts that this action is barred to the extent it was not commenced within the applicable statute of limitations period.

**WHEREFORE**, Defendant West Builders, Inc., respectfully asks this Court to dismiss Plaintiffs' Complaint in its entirety with prejudice, deny Plaintiffs' request for damages, award West its reasonable attorneys' fees and costs for defending against this action, and grant such other relief as the Court deems just and reasonable.

Respectfully submitted,

Dated: December 10, 2012 **WEST BUILDERS, INC.**
s/_____**Steven W. Jados**_____

     Ronald J. Passarelli, Esq.
     Renée L. Koehler, Esq.
     Steven W. Jados, Esq.
     KOEHLER & PASSARELLI, LLC
     900 S. Frontage Road, Suite 300
     Woodridge, Illinois 60517
     Telephone: (630) 505-9939
     rpassarelli@k-pllc.com
     rkoehler@k-pllc.com
     sjados@k-pllc.com

     **ATTORNEYS FOR DEFENDANT**
     **WEST BUILDERS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2012, I electronically filed the foregoing

**DEFENDANT WEST BUILDERS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

with the Clerk of the Court using the CM/ECF system which will send notification of such filing

to the following:

David Whitfield
WHITFIELD MCGANN & KETTERMAN
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
dwhitfield@whitfield-mcgann.com

David Bressler
Dykema Gossett PLLC
4200 Commerce Court, Suite 300
Lisle, Illinois 60532
DBressler@dykema.com

s/____**Steven W. Jados**_____
Steven W. Jados, Esq.
KOEHLER & PASSARELLI, LLC
900 S. Frontage Road, Suite 300
Woodridge, Illinois 60517
Telephone: (630) 505-9939
sjados@k-pllc.com